# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 1:21CR00024 |
| ) | |
| v.   ) | **OPINION AND ORDER** |
| ) | |
| **JEFFERY R. TACKETT, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants.   ) | |

In this criminal case the United States has filed a Motion in Limine seeking an order excluding the introduction of any evidence at trial regarding federal stimulus payments or other government benefits programs unless evidence is first introduced that would raise a reasonable inference that the accused believed in fact that his or her participation in the fraudulent scheme to obtain benefits was lawful.

The government has accused dozens of individuals in this district with participating in a scheme in 2020 to submit fraudulent applications to the Virginia Employment Commission (VEC) in order to obtain funds provided by Congress to aid those who had lost their jobs because of the COVID-19 pandemic. Many of the defendants have already pled guilty, but others are still to be tried. The scheme, as alleged, involved individuals unemployed but not as a result of the pandemic —for example, inmates in local jails — who provided their personally identifiable information (PII), including names, dates of birth, and Social Security numbers, to

an organizer or leader of the conspiracy. A conspirator would prepare a required form using the PII supplied, as well as the name of a fictitious employer claimed to be the last employer when the applicant became unemployed due to COVID-19. The form would then be submitted to the VEC, falsely representing that the applicant was unemployed because of the pandemic.[1] In most cases, the application was accepted and the VEC provided benefits through a weekly pre-paid debit card in the name of the applicant. Often, particularly if the applicant was incarcerated, the conspiracy leaders would scam the applicant and use the debit card themselves, passing on little or none of the proceeds. The government charges that hundreds of thousands of dollars were fraudulently obtained by those charged in this case.[2]

The defendants are charged with conspiring to defraud the United States, in violation of 18 U.S.C. § 371, conspiring to commit mail fraud, in violation of 18 U.S.C. § 1349, fraud in connection with emergency benefits, in violation of 18

---

[1] The government benefits involved in the fraud are referred to in the Indictment as "pandemic unemployment benefits." The Indictment alleges that "[i]ndividuals are only eligible for pandemic unemployment benefits if they are unemployed for reasons related to the COVID-19 pandemic and are otherwise available to work and are seeking employment." Indictment ¶ 8, ECF No. 25.

[2] The allegations made in this case are not alone. "Nearly $100 billion at minimum has been stolen from COVID-19 relief programs set up to help businesses and people who lost their jobs due to the pandemic, the U.S. Secret Service said Tuesday." Jennifer McDermott, Associated Press, PBS News Hour, (Dec. 22, 2021, 9:40 AM), https://www.pbs.org/newshour/nation/nearly-100-billion-stolen-in-pandemic-relief-funds-secret-service-says.

U.S.C. §1040(a), mail fraud, in violation of 18 U.S.C. § 1341, and aggravated identity theft, in violation of 18 U.S.C. § 1028A.[3]

In its present motion, the government expresses concern that the defendants will seek to show their innocent motive in seeking benefits and providing their PII to the fraud's organizers by presenting evidence of the existence of other government benefit programs beside the pandemic employment benefits, and in particular the provision of the March 2020 CARES Act providing for government payments to virtually everyone, regardless of the lack of employment, often referred to as "stimulus payments."[4] It is surmised by the government that the defendants will simply present evidence of the well-known stimulus payment program and without other evidence of their motive, hope to convince the jury that they believed that they were lawfully applying for these stimulus payments.

The government does not argue that a defendant must actually testify as to their good faith confusion before the evidence sought to be precluded is relevant, but only that some evidence indicating their lawful motivation must be first presented.

---

[3] Certain of the defendants are also charged with conspiring to obstruct justice, in violation of 18 U.S.C. § 1512(k), and lying to investigators, in violation of 18 U.S.C. § 1001.

[4] Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). A second round of stimulus payments was made in 2021. Consolidated Appropriations Act, 2021, Pub. L. No. 116-260, 134 Stat. 1182 (Dec. 27, 2020).

The government contends that it is solely a matter of timing — evidence that a defendant providing their PII thought it was for a legitimate purpose before evidence of the existence of stimulus payments is relevant.

To prove guilt of a charge of conspiracy, the government must prove, among other things, the defendant's "knowing and willing participation." *United States v. Rafiekian*, 991 F.3d 529, 547 (4th Cir. 2021). As the standard jury instruction cautions, "a person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator." *United States v. Brown*, 727 F.3d 329, 338–39 (5th Cir. 2013).

It is recognized that when a defendant intends to assert an affirmative defense to a charge at trial, the defendant's "ability to put forth evidence of [such] defense may properly be tested *in limine*." *United States v. Cramer*, 532 F. App'x 789, 791 (9th Cir. 2013) (unpublished). But no affirmative defense is involved here. It is the government's burden to prove in its case in chief the defendants' knowledge of the fraudulent scheme. I do not find that I can limit the sequence of the defendants' evidence in this case.

It is important to emphasize, however, that I can limit defense counsel's statements and argument to the jury, and I caution counsel that their descriptions of the case to the jury must be supported at the least by reasonable inferences from the facts in evidence or to be introduced.

For the reasons stated, it is **ORDERED** that the government's Motion in Limine, ECF No. 503, is DENIED.

        ENTER: December 28, 2021

        /s/ JAMES P. JONES
        Senior United States District Judge